# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0351, <u>Anthony Dostanko & a. v. Bruce Knox, Jr.</u>, the court on March 6, 2020, issued the following order:**

Having considered the brief filed by the defendant, Bruce Knox, Jr., and the limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant appeals an order of the Superior Court (<u>Ignatius</u>, J.) entering judgment in favor of the plaintiffs, Anthony and Terri Dostanko, on their action for breach of contract. We affirm.

The trial court recited the following pertinent facts in its order. On or about January 25, 2016, the parties entered into an oral purchase and sale agreement under which the plaintiffs agreed to purchase, and the defendant agreed to sell, a home in Conway for $195,000. The plaintiffs told the defendant that they anticipated purchasing the home sometime during the summer of 2016, as they needed additional time to repair their credit. The parties agreed that the plaintiffs could rent the home starting February 1, 2016, paying monthly payments of $1,000, with $500 going toward rent, and $500 going toward the overall purchase price of the home. The parties further agreed that, before the sale would be completed, the defendant would make a number of repairs to the home.

On January 30, the plaintiffs gave the defendant a check for $1,000, and the defendant gave them a key to the home. The plaintiffs began to live in the home full-time at the end of February or beginning of March. In addition, in late February or early March, the plaintiffs gave the defendant an extra $5,000 to be applied to the purchase price of the home. The plaintiffs timely paid the defendant $1,000 for March. At some point, the water to the home had been shut off, and, on March 10, the plaintiffs paid the Conway Water Department $308.54 to turn it back on. Thereafter, the plaintiffs timely paid the defendant $691.15 for the April monthly payment.

In May, the defendant sent the plaintiffs a draft lease agreement, which set the monthly rent at $1,350. The plaintiffs crossed out that amount and wrote on the draft, "As agreed, 1,000.00 a month w/ $500.00 going towards purchase of Home. This has occurred since <u>Feb. 2016</u>." The plaintiffs then timely paid the defendant $1,000 for May.

On May 15, although the defendant had not made any of the agreed-upon repairs, the plaintiffs received a draft purchase and sales agreement from

him. Thereafter, the parties' relationship deteriorated. In a series of telephone calls and texts, the defendant questioned the plaintiffs' intent to purchase the home and told the plaintiffs that they had to vacate it by June 1. In a May 21 letter, the defendant offered to sell the home to the plaintiffs for $189,000 by July 1, provided that they paid the closing costs and property taxes. In that letter, the defendant also retroactively increased the monthly rent for March, April, and May from $1,000 to $1,350, and informed the plaintiffs that, as a result, they were $1,050 in arrears for those months. He also informed them that their June rent of $1,350 was due on May 27.

On May 23, plaintiffs' counsel wrote to defense counsel, stating that the plaintiffs remained ready and willing to purchase the property as the parties had previously agreed in January. On May 25, the plaintiffs paid the defendant $1,000 for June. The defendant returned the $1,000 check to the plaintiffs with the word "VOID" written across it.

On May 26, the defendant sent a letter to plaintiffs' counsel, modifying his offer and extending the amendment until the close of business on May 27. As amended, the defendant offered to abate the rental arrearages and pay the July property taxes. The defendant stated that the plaintiffs had to pay June rent of $1,350 by May 27 or vacate the premises within seven calendar days. The defendant stated that if the plaintiffs could not provide "bona fide" intent, he would have no choice but to put the home back on the market.

On May 29, the plaintiffs received a notice of eviction for failing to pay rent between March 1 and June 1. The eviction notice informed the plaintiffs that they had to vacate the home by June 5. On June 1, the defendant listed the home with a real estate broker, and, on June 23, he entered into a purchase and sale agreement to sell the home to new buyers. That purchase and sale agreement closed on August 24. The plaintiffs vacated the home on June 25. They paid a moving company $400 for its services. While the plaintiffs lived in the home, they made many improvements to it, including interior painting, removing carpet, installing window blinds, and installing new flooring.

Thereafter, the plaintiffs sued the defendant for breach of oral contract, alleging that he had materially breached the agreement by retroactively increasing the agreed-upon monthly rental payment, demanding execution of a purchase and sale agreement within a short timeframe, demanding that the plaintiffs purchase the property before the agreed-upon transfer of the property in summer 2016, evicting the plaintiffs for alleged non-payment of rent, executing a purchase and sale agreement with a third party in June 2016, and subsequently selling the home to that third party. The defendant counterclaimed for breach of contract, alleging that the plaintiffs materially breached the contract by refusing to purchase the home.

2

Following a three-day bench trial, the court issued a 32-page narrative order finding in favor of the plaintiffs. The trial court observed that the parties did not dispute that they had an enforceable oral agreement to purchase the home and ruled that the statute of frauds did not bar the parties' claims for breach of contract because the doctrine of part performance applied. The court further ruled that the defendant materially breached the parties' oral agreement "when he unilaterally changed the rent amount and retroactively increased the rent for the months of March, April, and May." The court rejected the defendant's claim that the plaintiffs had materially breached the contract by not closing on the home, "as the evidence of the June rent check that [the defendant] rejected, the continued negotiations over the terms of the sale and continued efforts to obtain a mortgage loan, clearly show the [plaintiffs] intended to purchase the home up until their eviction." In addition, the court noted, the parties' oral contract had defined the closing date as "summer of 2016," yet the defendant had a notice of eviction issued on May 29, 2016, before the start of summer.

The trial court awarded the plaintiffs damages in the amount of $9,852.33, representing the extra $5,000 they paid the defendant toward the purchase of the home in late February or early March, the unanticipated $400 fee they paid to movers, and the $4,452.33 they paid a contractor to install new flooring. The court awarded the defendant $108.79 in costs for repairs to the home after the plaintiffs vacated it and denied his request for attorney's fees and costs. The defendant unsuccessfully moved for reconsideration, and this appeal followed.

In reviewing a trial court's decision rendered after a trial on the merits, we uphold the trial court's factual findings and rulings unless they lack evidentiary support or are legally erroneous. O'Malley v. Little, 170 N.H. 272, 275 (2017). We do not decide whether we would have ruled differently than the trial court, but rather, whether a reasonable person could have reached the same decision as the trial court based upon the same evidence. Id. Thus, we defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. Id.

On appeal, the defendant argues that: (1) the parties' oral agreement was not, in fact, for the purchase of the home, but was, instead, an agreement under which the plaintiffs agreed to pay the defendant money in exchange for the defendant keeping the home off the market and allowing the plaintiffs to store personal property in the home's garage; (2) the oral agreement between the parties did not allow the plaintiffs to paint walls, install window blinds, replace carpet, or install wood flooring; and (3) the defendant is entitled to damages for the lost benefit of his bargain.

As the appealing party, the defendant has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our

review of the trial court's well-reasoned order, the defendant's challenges to it, the relevant law, and the record submitted on appeal, we conclude that he has not demonstrated reversible error.  See id.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**
